## Frank J. Wottowa, Appellee, v. Orah D. Ridgly, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. J. H. FORNOFF, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Frank J. Wottowa, plaintiff, against Orah D. Ridgly and J. T. Long, defendants, for goods sold and delivered by the plaintiff to the defendants. From a judgment for plaintiff for $4,121.50 against defendant Ridgly, she appeals.

The suit was begun by filing an affidavit for an attachment against both defendants stating that the defendants were indebted for goods sold and that the

defendant Ridgly was a resident of Missouri. A writ of attachment was issued but returned unserved and thereafter notice of the attachment was published.

A declaration consisting of three special counts and the common counts was filed against the defendant Ridgly. On August 23, 1915, defendant Ridgly entered a limited appearance and moved to quash the service. This motion was overruled. She then filed a plea in abatement of the writ, in which she averred that at the time the affidavit for the attachment was filed she was not a resident of Kansas City, Missouri, but that on August 2nd and for fifteen days prior thereto she was a resident of the City of Chicago. She also filed a plea of the general issue to the declaration. On the trial the court ordered the first and third counts withdrawn from the consideration of the jury, and by an instruction told the jury there was no evidence of damages sustained by the plaintiff under the second count. The case was submitted to the jury on the evidence admitted under the issues on the plea in abatement and under the common counts. The jury returned a verdict finding the issues on the affidavit for the attachment for the plaintiff and a verdict finding the issues for plaintiff and assessing his damages at $4,000. Defendant entered a motion for a judgment *non obstante,* a motion for a new trial and a motion in arrest of judgment, which were severally overruled, and judgment rendered against defendant Ridgly for $4,000. The defendant Ridgly admitted she was a resident of Missouri prior to July 16, 1915, and testified that on July 16th she moved to Chicago and lived at the Morrison Hotel until July 29th, when she rented and took possession of a flat in Chicago. The lease introduced by her was dated July 30, 1915. Under this lease she rented the flat from September 1, 1915 to September 30, 1916, at $50 per month, payable monthly in advance.

Hontie Edwards, a witness called by the defendant

Ridgly, testified that she had known Mrs. Ridgly fourteen years, and that she had been in Mrs. Ridgly's employment. She testified that Mrs. Ridgly did not move into the flat until ten days or two weeks after the date of the lease; that she was in St. Louis during that time getting her furniture to move into the flat and that she received a letter from her from St. Louis in August, before she had moved.

TAYLOR & TAYLOR and GLASS & BOTTENBERG, for appellant.

DRENNAN & BULLINGTON, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1035*—*when rulings cannot be considered on appeal.* Rulings not assigned as error cannot be considered on appeal.

2. ATTACHMENT, § 17*—*when evidence shows defendant is a resident of a foreign State.* In an attachment suit, evidence *held* to justify a finding that one of the defendants was a resident of a foreign State at the time of the commencement of the suit.

3. SALES, § 329*—*when evidence justifies judgment for goods sold.* In an action for the purchase price of merchandise sold by the plaintiff to the defendants, evidence *held* to justify a judgment for the plaintiff.

4. PRINCIPAL AND AGENT, § 8*—*when evidence shows agency to purchase.* In an action for the purchase price of merchandise sold by the plaintiff to the defendants, evidence showing, among other things, that one of the defendants arranged meetings between plaintiff and the other defendant, and conducted most of the negotiations in the presence of the latter, *held* to justify a finding that the former defendant was an agent of the latter so as to make the former's statements admissible against the latter.

5. TRIAL, § 233*—*when refusal to send pleadings to jury room is not error.* Refusal of a trial court to send the pleadings to the jury room, *held* not error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. CONTRACTS, § 377*—*when evidence of prior negotiations is admissible.* Where only a part of a contract sued upon has been reduced to writing, evidence of the negotiations and facts occurring prior to the time of the making of the contract is admissible in evidence.

7. ATTACHMENT, § 237*—*when judgment proper on count not covered by affidavit.* In an action of assumpsit for goods sold and delivered and for work and labor, in which a writ of attachment had been issued but no property levied on thereunder, where the general issue only was pleaded, *held* that a judgment including a recovery on the count for work and labor could be sustained, though the attachment affidavit did not state that anything was due for work and labor.